UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**ANDREA HINSON**                                                                          **PLAINTIFF**

v.                                                        **CIVIL ACTION NO. 5:15CV-184-GNS**

**LOURDES HOSPITAL** *et al.*                                         **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Andrea Hinson filed this *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon initial screening of the complaint, the instant action will be dismissed for the reasons that follow.

**I.**

Plaintiff filed the complaint on a general complaint form naming as Defendants Lourdes Hospital and "4th floor (Security guard) Driskill." As the grounds for filing this lawsuit in federal court, Plaintiff states, "I can't afford an attorney I'll represent myself." As her statement of the claim, Plaintiff reports that she was a patient at Lourdes Hospital in July 2015 and that the nurses were rude to her and made fun of her. She states that she decided to go home and that her roommates came to pick her up. She states that "the security guard came and violated my rights he also shoved me down very hard this was a violation of my rights." She further states, "I'm a grown woman and I'm seeking compensation in the amount of 180,000 he also took my belongings w/out my permission." As relief, Plaintiff seeks $180,000 in damages and states, "I want security guard Driskill fired from his job immediately."

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

## III.

Plaintiff alleges a violation of her rights. A claim for violation of constitutional rights must be brought under 42 U.S.C. § 1983. *See Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir.

1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights."). Therefore, the Court must construe Plaintiff's allegations of violations of her rights as brought under § 1983.

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Even assuming for purposes of this review that Plaintiff has alleged a deprivation of federal statutory or constitutional rights, her § 1983 claim fails because she has not satisfied the second element. Neither Lourdes Hospital or its security guard is a state actor nor did either Defendant act under color of state law. *See, e.g.*, *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) ("[O]ur precedent indicates that the mere fact that a hospital is licensed by the state is insufficient to transform it into a state actor for purposes of section 1983."). Therefore, Plaintiff's complaint fails to state a claim under § 1983 and will be dismissed.

Moreover, to the extent that Plaintiff also may be attempting to bring a claim for assault and battery, conversion related to her belongings, or any other state-law claims, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

A separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Date: January 26, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4416.010